UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff* § § § | |
| **v.** § § § | No. 1:22-CR-00109-RP |
| **(1) DAMONTRAE HILL,** *Defendant* § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Demontrae Hill's Agreed Recommended Modification and Waiver of Defendant's Appearance and Waiver of Hearing. Dkt. 24. The District Court previously referred consideration of the Petition for Warrant or Summons for Offender Under Supervision, Dkt. No. 5, to the undersigned. Dkt. 19. The undersigned held a hearing on the petition to revoke Hill's supervised release on September 21, 2022. Dkt. 20.

## I.   BACKGROUND

The United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision for Hill which alleged that he violated conditions of his probation and recommended that his term of probation should be revoked. Dkt. 5. A warrant was issued, and Hill was arrested on or about September 14, 2022, pursuant to the probation violation warrant. Dkts. 6, 13.

1

Hill waived his preliminary hearing. Dkt. 17. After a hearing before the undersigned, the parties filed an Agreed Recommended Modification and Waiver of Defendant's Appearance and Waiver of Hearing. Dkt. 24. Based on the parties' motion, as well as the Hill's pleas of "True" to the violation of Mandatory Condition No. 2 as alleged in the Petition, Hill admits that while under supervision, he failed to refrain from the use of marijuana and admits that he tested positive for marijuana use on two occasions. The undersigned—based on the original offense and the intervening conduct of defendant, the agreed recommendation of the parties, and after carefully considering all the arguments and evidence presented by the Government and Defendant—recommends that the District Court accept the Hill's waivers and plea of true and find that Hill violated Mandatory Condition No. 2 of his probation as described in the petition. The undersigned agrees that an appropriate disposition is to modify Hill's probation and that Hill be continued on his term of supervised release with the condition that he participate and successfully complete outpatient treatment.

## II. RECOMMENDATIONS

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Agreed Recommended Modification and Waiver of Defendant's Appearance and Waiver of Hearing, Dkt. 24.

The undersigned **FURTHER RECOMMENDS** that the District Court **CONTINUE** Hill's term of probation.

Finally, the undersigned **FURTHER RECOMMENDS** that Hill's term of supervised release be **MODIFIED** to include the condition that he participate and successfully complete outpatient treatment.

### III.   WARNINGS

Because this is an agreed disposition, the undersigned does not anticipate objections to be filed by either party. However, the parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 21, 2022.

                                            DUSTIN M. HOWELL
                                            UNITED STATES MAGISTRATE JUDGE